## JOHN M. BURKE

**Attorney at Law**

26 Court Street - Suite 2805
Brooklyn, New York  11242
Tel: (718) 875-3707
Fax: (718) 875-0053

September 10, 2019

Honorable Joan M. Azrack
United State District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re.:  <u>U.S.</u> v. <u>Marvin Holmes</u>
17 CR 501

Dear Judge Azrack:

I am writing on behalf of my client, Marvin Holmes, to request that the Court be merciful and permit him to obtain medical care and psychological counseling as part of his sentence.  Mr. Holmes' chances for rehabilitation will be greatly increased if he is able to treat  his physical condition and achieve emotional stability.  The defense believes that a sentence of ten years would be sufficient punishment for Mr. Holmes' crime and that medical treatment and counseling would be consistent with the sentencing goals of 18 U.S.C. §3663(a).

## I.    THE ADVISORY GUIDELINES

The defense, the Government and the Department of Probation agree that pursuant to U.S.S.G. § 2k2.4(b) the guideline sentence is the minimum term of imprisonment required by statute, 10 years.  <u>P.S.R.</u>[1] parg. 61.  This analysis is consistent with the stipulation set forth in Mr. Holmes' plea agreement and plea allocution and the defense has no objection to the imposition of a sentence of 10 years.

---

[1]Pre Sentence Report

Honorable Joan M. Azrack                          September 10 , 2019
United State District Court                       Page 2


II.   THE CRIME

Marvin Holmes discharged a firearm on May 31, 2015 and his shots struck and injured another individual.  Marvin Holmes admits his guilt, accepts responsibility for his crime and promises to lead a law abiding life in the future.


III.   PERSONAL HISTORY

Marvin Holmes is a 33 year old United States citizen and a life long Suffolk County resident.  He is the youngest of four children born to Christopher Holmes and Renita Dennis.  His father died in 2017 at the age of 60 from blood cancer and his mother is a retired nurse living in Patchogue, New York.  Marvin remembers always having enough food, clothing and adequate shelter when he was a child growing up. His mother was steadily employed and supported the family with her nursing wages. His father was sporadically employed as a butcher.

Marvin's parents both used drugs and hosted numerous parties at the family's home.  They also frequently used corporal punishment to discipline their children. Marvin recalls being hit with sticks, switches and extension cords throughout his youth.  Despite his mistreatment at the hands of his parents Marvin maintains a close relationship with his mother.  She remains supportive and hopes that Marvin gets the medical treatment and counseling he needs.

Due to his learning disabilities and emotional impulsivity Marvin had a difficult time excelling in an academic environment.   He was placed as a special education student in the Bellport High School BOCES program but found it hard to concentrate on his studies.  Although he left school in the 10th grade Mr. Holmes was able to obtain a high school equivalency diploma while in custody in 2007.

Marvin Holmes tumultuous early years and spotty education created employment problems for him when he reached adulthood.  He found employment doing construction work with a friend and also worked in fast food restaurants.  Mr. Holmes' longest period of employment entailed working as an assembly worker for Whitman Packaging, followed by a brief stint at Federal Express.  He hopes to find full time employment when his sentence is completed and plans to enroll in vocational courses when he is moved from the M.D.C.

Honorable Joan M. Azrack        September 10 , 2019
United State District Court          Page 3

     Mr. Holmes has several children living in the Suffolk County area and he aspires to contributing to their support when he is released from custody.  Ms. Smith, the mother of Marvin Holmes, Jr. (age 2), describes Marin as a loving, kind individual who is family oriented.  She hopes to be re-united with Mr. Holmes after he pays his debt to society.

     A.    <u>MARVIN  HOLMES SHOULD RECEIVE
          PSYCHOLOGICAL AND EMOTIONAL COUNSELING</u>

     Marvin Holmes was diagnosed with ADD (Attention Deficit Disorder) and ADHD (Attention Deficit Hyperactivity Disorder) at an early age.   He struggled to read and understand fundamental concepts in grade school and became frustrated by his inability to master basic materials.   He was prescribed Ritalin by his doctors but felt little improvement from the medication.  Throughout his time in school Marvin received counseling in order to improve his ability to focus on his studies and curb his impulsivity.  His mother also recalls that Marvin was diagnosed with bipolar disorder when he was in grammar school.

     Since being shot in 2015 Marvin Holmes has been plagued by bouts of anxiety and insomnia.  While being held in custody in the M.D.C. these symptoms have increased in severity and Mr. Holmes has become deeply depressed.  Although he has requested counseling while in custody he has not received treatment for his illness.  The defense requests that Mr. Holmes be placed in a facility where he can obtain counseling and therapy for his emotional problems.

     B.    <u>MARVIN HOLMES MUST HAVE INTENSIVE
          DRUG REHABILITATION TREATMENT</u>

     Marvin Holmes hopes to leave prison and lead a constructive life.   In order to achieve this goal he must have treatment for the drug addiction that has followed him throughout his adult life.  Since he was a teenager his illicit drug use has prevented Mr. Holmes from maintaining emotional stability and holding down a steady job.

     When he was 16 Marvin Holmes began using marijuana on a daily basis.   He also started to sporadically abuse alcohol in combination with marijuana when he was in his late teens.  Over time Mr. Holmes' drug use grew to encompass P.C.P., Molly

Honorable Joan M. Azrack                    September 10 , 2019
United State District Court                 Page 4

and Ecstasy.   He also admits to using cocaine on a daily basis from 2007 until the
date of his arrest in 2017.   On top of his illegal drug consumption Mr. Holmes
consumed Percocet and Dilaudid every day from 2015 to 2017.   Although these
medications were taken pursuant to a doctor's order they created a toxic drug cocktail
whose effects Mr. Holmes still struggles to overcome.

Over the years Mr. Holmes has been treated at numerous drug rehabilitation
centers including Phoenix House, Seafield Center and the Lakeview Shock
Incarceration Correctional Facility.  While some of these treatments were temporarily
effective they all failed in the end.

During his almost two years in custody Mr. Holmes has matured and come to
the realization that in order to obtain stability he has to achieve sobriety.  He firmly
believes he is ready to commit to rehabilitation and asks the Court to sentence him
to a prison where he can receive intensive drug therapy.

C.      MARVIN HOLMES NEEDS SPECIALIZED
        MEDICAL TREATMENT FOR HIS SERIOUS INJURIES

Marvin Holmes was born with a cardiac defect that resulted in a heart murmur.
This causes him to feel occasional pain and pressure in his chest.   He also suffers
from asthma and uses an albuderal inhaler on a daily basis.   Mr. Holmes was
diagnosed with scoliosis at an early age and has self-medicated to relieve his back
pain.

In addition to these chronic physical ailments Mr. Holmes' lifestyle has caused
him to incur serious physical injuries.  In 2011 he was shot in his left elbow and a
bone in his arm was completely shattered.   He only has limited mobility in his left
arm.   In 2015 Mr. Holmes was injured when a shot gun discharged striking him in
the eye and right leg.   He underwent numerous surgeries and is legally blind in his
right eye.   He is currently experiencing fluid leakage from his eye that causes him
great discomfort.   During his stay in the M.D.C. he has had his eye examined by
specialists and he may require an additional operation in the future.

Honorable Joan M. Azrack                          September 10 , 2019
United State District Court                       Page 5

The damage to Mr. Holmes' leg from the 2015 shooting was also quite severe and required several surgeries.   He has damaged arteries in his right leg and decreased circulation.   Mr. Holmes has no feeling in his right leg and cannot run or stand for long periods of time.   His mother also confirms that Mr. Holmes suffers from Crohn's disease and has frequent bouts of digestive pain.

In view of Mr. Holmes myriad physical ailments and since he may require additional surgery on his eye and leg the defense asks that he be designated to a facility that can furnish him with specialized medical care.

IV.        <u>MARVIN HOLMES ASKS THE COURT
           TO IMPLEMENT THE SENTENCING
           GOALS OF 18 U.S.C 3553(a)</u>

Apart from consideration of departures under the now "advisory" Guidelines, 18 U.S.C. §3553(a) requires courts to "<u>impose a sentence sufficient</u>, <u>but not greater than necessary</u>, to comply with the purposes set forth in paragraph 2 of this subsection."   Section 3553(a)(2) states that such purposes are:

A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

B. to afford adequate deterrence to criminal conduct;

C. to protect the public from further crimes of the defendant; and

D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs the sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offense.

Honorable Joan M. Azrack                          September 10 , 2019
United State District Court                       Page 6

Other statutory sections also give the district court direction in sentencing. Under 18U.S.C. §3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, a sentencing judge is required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation."

Under 18 U.S.C. §3661, "[n]o limitation shall be placed on the information concerning the background, character or conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

Indeed, the directives of Booker, United States v. Crosby, 307 F.3d 103 (2nd Cir. 2005) and §3553(a) now make clear that courts must consider all of the factors in §3553(a), many of which the Guidelines either reject or ignore.

In sum, under Booker and Crosby, the Guidelines are not binding and courts need no longer justify a sentence outside of them by citing factors to take the case outside the "heartland".   Courts are now free to disagree, in individual cases and the exercise of discretion,  with the actual Guidelines range, so long as    the ultimate    sentence imposed is reasonable and supported by reasons tied to the §3553(a) factors.

An analysis of the §3553(a) factors in this case, I think, militates in favor of   Marvin Holmes and the imposition of a merciful sentence.

Marvin Holmes requires medical treatment and psychological counseling in order to physically and emotionally stabilize him.   He also needs drug treatment and vocational training so he can turn his life around.  He asks the Court to designate him to a correctional facility that offers those services.

Honorable Joan M. Azrack                          September 10 , 2019
United State District Court                       Page 7


<u>CONCLUSION</u>

        Marvin Holmes admits his guilt and realizes he will be punished for his
crime.   He asks the Court to structure a sentence that will speed his rehabilitation and
make   it possible for him to become a constructive member of society.

                                        Respectfully yours,


                                        s/
JB/dw                                   JOHN BURKE
                                        Attorney for Marvin Holmes



cc:    United States Attorney
              Eastern District of New York
              610 Federal Plaza
              Central Islip, Ne York   11722
              Attention: Mark Misorek, Esq., AUSA